**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE HUNSINGER** | § | |
| *Plaintiff (Pro Se)* | § | |
| | § | |
| **vs.** | § | **CASE NO. 3:25-CV-02227-N-BW** |
| | § | |
| **PARKING REVENUE RECOVERY** | § | |
| **SERVICES, INC.** | § | |
| | § | |
| *Defendant* | § | |

---

**DEFENDANT PARKING REVENUE RECOVERY SERVICES, INC'S BRIEF**

**IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF STANDING**

**PURSUANT TO FED. R. CIV. P. 12(B)(1)**

---

## TABLE OF CONTENTS

CASES .......................................................................................................................................... 3

INTRODUCTION ......................................................................................................................... 4

ARGUMENT ................................................................................................................................. 5

CONCLUSION & PRAYER FOR RELIEF ................................................................................. 7

## TABLE OF AUTHORITIES

### CASES

*Thornley v. Clearview AI, Inc.*
  984 F.3d 1241, 1244 (7th Cir. 2021) ....................................................................... 5

*Spokeo, Inc. v. Robins*
  578 U.S. 330, 338 (2016)....................................................................................... 5,6

*Trichell v. Midland Credit Mgmt., Inc*
  964 F.3d 990, 996 (11th Cir. 2020)…………………………………………………6

*Markakos v. Medicredit, Inc.*
  997 F.3d 778,780 (7th Cir. 2021) ............................................................................ 6

*Casillas v. Madison Ave. Assocs.,Inc.,*
  926 F.3d 329, 331-32 (7th Cir. 2019)…………………………………………….. 6

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.,*
  45 F.4th 816, 822–26 (5th Cir. 2022)..................................................................... 6,7

*Heckman v. Williamson Cnty.,*
  369 S.W.3d 137, 154 (Tex. 2012) ............................................................................ 7

*Garcia v. Jenkins Babb LLP*
  569 Fed.Appx.274, 275-277 (2014; unpublished opinion)…………………………………7

*Elston v. Resolution Servs., Inc.,*
  950 S.W.2d 180, 184-185 (Tex. App.—July 24, 1997)…………………………………….7

TO THE HONORABLE UNITED STATES JUDGE OF SAID COURT:

COMES NOW, the Defendant Parking Revenue Recovery Services, Inc. ("PRRS") and files this Brief in support of its *Motion to Dismiss for Lack of Standing Pursuant to Fed. R. Civ. P. 12(b)(1)* (the "Motion") requesting that the Court dismiss the claims of the Plaintiff, Joe Hunsinger ("Hunsinger" or Plaintiff), for a lack of standing and in support of the Motion, the Defendant would respectfully show unto the Court the following:

**INTRODUCTION**

1.  The Plaintiff filed his Amended Complaint against PRRS on August 19th, 2025. *See* Complaint, listed as Document 3 on the Court's docket.

2.  In the Complaint, the Plaintiff makes various claims against PRRS under the Fair Debt Collection Practices Act ("FDCPA") and the "Texas Finance Code." *See* Complaint, pgs. 5-6.

3.  Furthermore, the Plaintiff is seeking injunctive relief against the Defendant in his Amended Complaint. *See* Complaint p. 7.

4.  On December 21ˢᵗ, 2025, the Defendant's counsel contacted Mr. Hunsinger by email and provided him with the extensive and binding case law cited within this Brief.

5.  Specifically, the Defendant indicated to Mr. Hunsinger that the claims in his Complaint lacked standing under the prevailing case law, and that the continued pursuit of such claims would be frivolous and acting in bad faith.

6.  As part of the conferral process, Mr. Hunsinger was invited to provide the Defendant with any case law or other legal authority that he believed would support his position, or alternatively, at least make his legal claims non-frivolous.  To date, no supporting

4

legal authority in this regard has been forthcoming from the Plaintiff.

7.  Despite the conferral, Mr. Hunsinger elected to proceed with the court process and the Defendant, accordingly, has filed this Motion for the Court's consideration.

8.  In light of the above said conferral, the Defendant reserves its right to seek attorney's fees from the Plaintiff in the future.  Furthermore, the Plaintiff reserves the right to seek any attorney's fees available under the "Texas Finance Code" or Texas state law as applicable.

**ARGUMENT**

**THE PLAINTIFF LACKS STANDING UNDER THE FDCPA AND THE TEXAS FINANCE CODE DUE TO A FAILURE TO ALLEGE A SPECIFIC, CONCRETE INJURY IN FACT**

9.  Before a federal court can hear a case, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thornley v. Clearview AI, Inc.,* 984 F.3d 1241, 1244 (7th Cir. 2021) (quoting *Thole v.U.S. Bank N.A.,* 140 S. Ct. 1615, 1618, 207 L. Ed. 2d 85 (2020)). *See also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), noting that the injury must be, "fairly traceable to the challenged conduct of the defendant."

10.  An injury in fact is "an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (citing *Lujan*, 504 U.S. at 560) (internal citations omitted).

5

11.  Thus, to confer Article III standing, an injury "must be real, and not abstract." *Spokeo*, 578 U.S. at 340 (internal citations omitted).  Generally, "tangible injuries qualify as concrete." *Trichell*, 964 F.3d at 997.

12.  The mere allegation of a statutory violation itself under the FDCPA—whether based on a procedural or substantive provision of the statute—is not enough to confer standing.  *Markakos v. Medicredit, Inc.,* 997 F.3d 778,780 (7th Cir. 2021); *Casillas v. Madison Ave. Assocs.,Inc.,* 926 F.3d 329, 331-32 (7th Cir. 2019).

13.  In *Trichell v. Midland Credit Mgmt., Inc.*, the Eleventh Circuit assessed whether two FDCPA plaintiffs had suffered Article III injury where the plaintiffs received "misleading" debt collection letters, yet where neither plaintiff was actually misled into payment. *See generally* 964 F.3d 990 (11th Cir. 2020). The Court initially concluded the debt collection letters did not cause tangible injury, as neither plaintiff wasted money or time in paying or responding. *Id.* at 997.

14.  The *Trichell* court further found that intangible injuries disfavored in the FDCPA context where the statute was not intended to protect individuals "from receiving in the mail a misleading communication that fails to mislead" (i.e., because plaintiffs were not misled into payment). *Id.*

15.  In the *Perez v. McCreary et.al* case, the Fifth Circuit closely followed the reasoning of the *Trichell* Court regarding the requirement of a concrete injury under the FDCPA. Because a plaintiff must allege a concrete injury to establish Article III standing, a bare violation of the FDCPA — even one Congress sought to prevent — is insufficient without real world harm. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822–26 (5th Cir. 2022).

16.  Texas state law, like federal law, requires that a plaintiff demonstrate a concrete and particularized injury to establish standing. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012).

17.  Furthermore, under the Texas Debt Collection Act, a plaintiff may recover only if they show actual damages caused by the alleged violation. *Garcia v. Jenkins Babb LLP*, 569 Fed.Appx.274, 275-277 (2014; unpublished opinion); *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 184-185 (Tex. App.—July 24, 1997).

18.  The Plaintiff has not alleged any concrete injury in fact whatsoever in his Complaint.

19.  Instead, the Plaintiff has simply alleged a veritable laundry list of statutory violations under the FDCPA and "Texas Finance Code" without demonstrating any real world, actual harm. Accordingly, the claims presented in the Amended Complaint lack standing as a matter of law under Article III and Texas state law.

## CONCLUSION & PRAYER FOR RELIEF

20.  WHEREFORE PREMISES CONSIDERED, the Defendant respectfully prays that the Court embrace the analysis and legal authorities relied upon herein, and confirm that the Plaintiff lacks the required standing under the FDCPA and the Texas Finance Code, and GRANTS the Motion to Dismiss for Lack of Standing pursuant to Fed. R. Civ. P. 12(b)(1) and award to Defendant all other relief to which it may be entitled. As indicated above, the Defendant may be seeking his attorney's fees due to the frivolous nature of the Plaintiff's claims (and which were continued in bad faith) and under any relevant or applicable provisions found in the Texas Finance Code.

**JAMES B. JAMESON & ASSOCIATES, P.C.**

By:  */s/ James B. Jameson*
       **JAMES B. JAMESON**
       State Bar No. 10598500
       PO Box 980575
       Houston, TX 77098
       (713) 807-1705- Telephone
       jbjameson@jamesonlaw.net
       *ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and correct copy of the foregoing instrument has been served upon the Plaintiff via ECF electronic notice, Email on this 23rd ____ day of December 2025, to the following:

**VIA ELECTRONIC MAIL:**

Joe75217@gmail.com

/s/ James B. Jameson

**JAMES B. JAMESON**